UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>TWIN-SOFT CORPORATION,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 1:21-cv-214 (AJT/TCB)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff the United States of America's ("Plaintiff" or "United States") Motion for Default Judgment Against Defendant Twin-Soft Corporation. (Dkt. 11).[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's motion and enter default judgment against Defendant Twin-Soft Corporation ("Defendant").

I. BACKGROUND

**A.　Procedural Posture**

Plaintiff filed this lawsuit against Defendant on February 25, 2021 to collect unpaid federal employment and unemployment taxes (Count I) and for an injunction under Internal Revenue Code § 7402(a) (Count II). (Dkt. 1.) After Defendant failed to enter an appearance or respond in any fashion, Plaintiff requested the clerk's entry of default on April 7, 2021. (Dkt. 7.) The clerk entered default judgment on May 18, 2021. (Dkt. 9.) Subsequently, on June 10, 2021,

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint ("Compl.") (Dkt. 1); Plaintiff's motion for default judgment ("Mot. Default J.") (Dkt. 11); Plaintiff's Memorandum in Support of its Motion for Default Judgment Against Defendant Twin-Soft Corporation ("Mem. Supp.") (Dkt. 12); and all attachments and exhibits submitted with those filings.

1

Plaintiff filed the instant motion for default judgment and noticed it for a hearing on Friday, July 9, 2021. (Dkts. 11, 14.) Representatives for Defendant failed to appear or otherwise respond at the hearing, and the Court took this matter under advisement for the undersigned to issue this Report and Recommendation.

        **B.**     **Jurisdiction and Venue**

Before the Court can render default judgment, it must have subject-matter and personal jurisdiction over the defaulting parties, and venue must be proper.

***First***, the undersigned finds that this Court has federal question subject-matter jurisdiction. The United States brought this suit to collect Defendant's unpaid federal employment taxes and civil penalties under federal internal revenue laws. (*See* Compl. at 1.) This Court therefore has original jurisdiction under 28 U.S.C. § 1331 (jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"), 28 U.S.C. § 1340 (jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue"), 28 U.S.C. § 1345 (jurisdiction over suits "commenced by the United States"), and 26 U.S.C. § 7402 (jurisdiction over suits "necessary and appropriate for the enforcement of the internal revenue laws.").

***Second***, the Court has personal jurisdiction over Defendant. The standards of federal due process and the forum state's long-arm statute must be satisfied for a federal court to have personal jurisdiction over a party. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S.

457, 463 (1940)). Further, "a defendant should be able to anticipate being brought to court in the forum, in that the contacts must be directed at the forum state in more than a random, fortuitous, or attenuated way." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Virginia's long-arm statute, Virginia Code section 8.01-328.1, provides for personal jurisdiction to the extent that federal due process permits. *Id.* With federal due process and Virginia's long-arm statute requiring the same standard, essentially only one inquiry is required. *See id.*

Furthermore, a court may either have specific jurisdiction, which arises when the defendant's contacts with the forum state give rise to the basis of the lawsuit, or general jurisdiction, which arises when the defendant is domiciled in the forum state or if the defendant has affiliations with the state that are so "continuous and systematic" as to render the party "essentially at home." *Fireclean LLC v. Tuohy*, No. 1:16-cv-294-JJC-MSN, 2016 WL 4414845, at *2 (E.D. Va. June 14, 2016) (citation omitted); *see also Tire Eng'g*, 682 F.3d at 301 (citation omitted).

Here, the Court has personal jurisdiction over Defendant because it maintains its principle place of business in Alexandria, Virginia, which is located in this judicial district. (Compl. ¶ 2.) Therefore, Defendant has sufficient "continuous and systematic" affiliations within Virginia to be subject to general jurisdiction. *Cf. Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (corporations subject to general jurisdiction in places where they are "fairly regarded as at home" (quotations omitted)).

*Lastly*, Plaintiff filed this lawsuit in the proper venue. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Moreover, 28 U.S.C. §

3

1396 provides that a suit "for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." 28 U.S.C. § 1396. Here, venue is proper because Defendant is a resident of this district. (Compl. ¶ 2.)

    **C.    Service of Process**

Before the Court can render default judgment, it must be satisfied that the defaulting parties have been properly served.

Under Federal Rule of Civil Procedure 4(h)(1)(B), a plaintiff can serve a foreign or domestic corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Turning to Rule 4(e)(1), the provision allows service by "following state law . . . where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Virginia code section 8.01-299, "personal service on any officer, director, or registered agent" of a domestic corporation is proper. Va. Code Ann. § 8.01-299(1).

Here, Plaintiff's private process server served the summons on Julie Holdren, who is authorized to accept service of process on behalf of Defendant, on March 16, 2021. (*See* Dkt. 6.) The process server filed an affidavit showing proof of service in which he attested that he served Ms. Holdren on March 16, 2021 at 9440 Mount Vernon Circle, Alexandria, VA 22309. (Dkt. 6.) Upon, review of the affidavit and applicable law, the undersigned is satisfied that Plaintiff properly served Defendant.

II. F<span style="font-variant:small-caps">indings of</span> F<span style="font-variant:small-caps">act</span>

Upon a full review of the pleadings and record in this case, the undersigned finds that Plaintiff has established the following facts.

Defendant is a software company that, as an employer, is subject to the payroll tax obligations under federal law. (Compl. ¶ 5.) These duties include: (1) withholding employees' federal income and Federal Insurance Contributions Act (FICA) taxes and paying those withholdings, along with Defendants' to the Internal Revenue Service (IRS) pursuant to 26 U.S.C. §§ 3102, 3111, 3301, and 3402; (2) making periodic deposits of the withheld federal income, social security, and Medicare taxes, in addition to Defendant's share of employment taxes, into a federal depository bank pursuant to 26 U.S.C. §§ 6302 and 6257; and 26 C.F.R. § 31.6302-1; (3) filing with the IRS its Employer's Quarterly Federal Tax Returns and annual Employer's Federal Unemployment Tax Act Returns in accordance with 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1; and (4) paying the outstanding balances of the deferral employment and unemployment tax assessments under 26 U.S.C. §§ 3102, 3111, 3301, and 3402. (*Id.*) Defendant was required to hold federal employment taxes it withheld, collected, and paid to the United States in "a special fund in trust for the United States" and was prohibited from using these funds for any other purposes. 26 U.S.C. § 7501(a). (Compl. ¶ 6.)

The Department of Treasury assessed the following federal employment and unemployment taxes against Defendant:

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessments | Outstanding Balance (as of November 30, 2020) |
|---|---|---|---|---|
| FICA (Form 941) | 12/31/2013 | 02/10/2014 08/31/2015 | $23,830.05 $70,749.43 | $22,797.79 |
| FICA (Form 941) | 06/30/2014 | 03/07/2016 | $64,870.29 | $96,847.47 |
| FICA (Form 941) | 09/30/2014 | 03/07/2016 | $54,233.55 | $111,230.38 |
| FICA (Form 941) | 12/31/2014 | 03/09/2015 | $44,540.49 | $41,613.62 |
| FICA (Form 941) | 06/30/2015 | 02/08/2016 | $14,775.60 | $22,407.80 |
| FICA (Form 941) | 09/30/2015 | 03/07/2016 | $87,031.00 | $154,086.21 |

| | | | | |
|---|---|---|---|---|
| FICA (Form 941) | 12/31/2015 | 06/20/2016 | $31,855.81 | $57,786.46 |
| FICA (Form 941) | 03/31/2016 | 06/06/2016 | $32,282.83 | $38,250.83 |
| FICA (Form 941) | 12/31/2018 | 04/15/2019 | $24,205.30 | $31,289.48 |
| FUTA (Form 940) | 12/31/2018 | 04/29/2019 | $294.00 | $431.18 |
| FICA (Form 941) | 03/31/2019 | 6/17/2019 | $18,373.37 | $20,823.34 |
| FICA (Form 941) | 09/30/2019 | 08/31/2020 | $20,622.90 | $2,077.69 |
| FICA (Form 941) | 12/31/2019 | 03/30/2020 | $22,407.28 | $22,270.35 |
| FICA (Form 941) | 03/31/2020 | 10/12/2020 | $16,271.03 | $1,633.65 |
| **Total Outstanding Balance (as of November 30, 2020)** | | | | **$623,281.26** |

(Compl. ¶ 7; Mem. Supp. at 4-5, Exhibits A, B.)[2] In addition to the amounts above, interest continues to accrue on all of Defendant's unpaid balances. (Compl. ¶ 8.) The Department of Treasury provided Defendant with notices and demands for payment, but Defendant has not paid its balances. (Compl. ¶¶ 9-10.) Accordingly, Defendant owed the United States $623,281.26 for federal employment and unemployment taxes, penalties, and interest as of November 30, 2020. (Compl. ¶ 11.)

The IRS has sought to bring Defendant into compliance with its employment tax return filing, deposit, and payment obligations since 2014. (Compl. ¶ 13.) It avers that its efforts included:

    a. Making tax assessments against Twin-Soft for unpaid federal employment and unemployment taxes, and sending notices and demands for payment;
    b. Assessing penalties against the person responsible for Twin-Soft's failure to pay over to the Service the withholdings from employees' federal income and FICA taxes;

---

[2] Plaintiff attached the Declaration of Revenue Officer Tiffany Lesure as Exhibit A to its motion describing the above liability. (Dkt. 11-1.) The relevant IRS account transcripts are attached as Exhibit B to the motion. (Dkt. 11-2.)

  c. Recording notices of federal tax lien against Twin-Soft with respect to delinquent federal employment tax liabilities;
  d. Serving levies on Twin-Soft's known banks; and
  e. Sending letters to Twin-Soft indicating failure to deposit federal employment taxes and notifying Twin-Soft of the Government's right to seek a civil injunction compelling Twin-Soft to fully pay its future federal employment tax liabilities.

*Id.* Nevertheless, Defendant has not fulfilled its obligations with regard to its federal tax deposit, return filing, and payment obligations. (Compl. ¶ 14.) Specifically, Defendant continues to violate the internal revenue laws by:

  a. Continuously and/or repeatedly failing to collect or pay over to the Service Twin-Soft's federal employment tax obligations, as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402;
  b. Continuously and/or repeatedly failing to make timely federal tax deposits as required by 26 U.S.C. §§ 6302 and 6157, and Treas. Reg. § 31.6302-1; and
  c. Continuously and/or repeatedly failing to file timely federal employment and unemployment tax returns as required by 26 U.S.C. § 6011 and Treas. Reg. § 31.6071(a)-1; and
  d. Continuously and/or repeatedly failing to pay the outstanding balances of the federal employment and unemployment tax assessments, as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

(Compl. ¶ 15.) Defendant has failed to fulfill these obligations for the following tax periods:

| Assessment Type | Tax Period Ending | Return Filed? | Total Tax Assessed | Deposits Made |
|---|---|---|---|---|
| FICA (Form 941) | 12/31/13 | Filed | $23,830.05 $70,749.43 | $24,330.05 |
| FICA (Form 941) | 03/31/14 | Filed | $28,340.41 | $17,264.72 |
| FICA (Form 941) | 06/30/14 | Filed Late | $64,870.29 | $17,942.77 |
| FICA (Form 941) | 09/30/14 | Filed Late | $54,233.55 | None |
| FICA (Form 941) | 12/31/14 | Filed | $44,540.49 | $18,149.96 |
| FICA (Form 941) | 03/31/15 | Filed Late | $23,493.37 | $19,093.75 |
| FICA (Form 941) | 06/30/15 | Filed Late | $14,775.60 | None |
| FICA (Form 941) | 09/30/15 | Filed Late | $87,031.09 | None |

| | | | | |
|---|---|---|---|---|
| FICA (Form 941) | 12/31/15 | Filed Late | $31,855.81 | None |
| FUTA (Form 940) | 12/31/15 | Filed Late | $378.00 | None |
| FICA (Form 941) | 03/31/16 | Filed | $32,282.83 | $6,897.44 |
| FICA (Form 941) | 03/31/18 | Filed Late | $36,189.27 | $36,894.34 |
| FICA (Form 941) | 06/30/18 | Filed Late | $19,215.45 | $24,394.39 |
| FICA (Form 941) | 09/30/18 | Not Filed | Unknown | $7,400.64 |
| FICA (Form 941) | 12/31/18 | Filed | $24,205.30 | None |
| FUTA (Form 940) | 12/31/18 | Filed | $294.00 | None |
| FICA (Form 941) | 03/31/19 | Filed | $18,373.37 | $3,674.69 |
| FICA (Form 941) | 06/30/19 | Filed Late | $22,048.00 | $27,188.59 |
| FICA (Form 941) | 09/30/19 | Filed Late | $20,622.90 | $20,622.93 |
| FICA (Form 941) | 12/31/19 | Filed | $22,407.28 | $2,000.00 |
| FICA (Form 941) | 03/31/20 | Filed Late | $16,271.03 | $16,271.03 |
| FICA (Form 941) | 06/30/20 | Not Filed | Unknown | $6,741.16 |
| FICA (Form 941) | 09/30/20 | Not Filed | Unknown | $14,423.64 |

### III. EVALUATION OF THE PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). As a result, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards

8

of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

Here, Plaintiff claims it is entitled to collect federal employment and unemployment taxes from Defendant (Count I) and is entitled to an injunction under Internal Revenue Code § 7402(a) (Count II). The undersigned will address each count in turn.

### A.   Collection of Federal Employment and Unemployment Taxes (Count I)

First, Plaintiff has sufficiently pled that Defendant owes $623,281.26 in federal employment and unemployment taxes. The IRS "is authorized and required to make the inquiries, determinations, and assessments of all taxes…which have not been duly paid." 26 U.S.C. § 6201(a). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Trigon Ins. Co. v. United States*, 234 F. Supp. 2d 581, 586 (E.D. Va. 2002). Further, the taxpayer bears the burden of overcoming the presumption of correctness by presenting evidence of the "exact amount" of tax liability. *Trigon Ins. Co.*, 234 F. Supp. at 587 (*citing United States v. Janis*, 428 U.S. 433, 440 (1976)).

Here, the Department of Treasury assessed federal employment tax liability against Defendant for tax periods from December 31, 2013 through March 31, 2020. (*See* Mem. Supp. at 6; Mot. Default J., Exhibits A-B.) These assessments are presumptively correct, and Defendant has not attempted to rebut them, or even respond to this lawsuit.

Accordingly, the undersigned finds that Defendant owed the United States federal employment taxes, statutory interest, and penalties in the amount of $623,281.26 as of November

30, 2020.³

### B. Injunction under Internal Revenue Code § 7402(a) (Count II)

Second, the United States has shown that an injunction ordering Defendant to comply with its federal employment and unemployment tax obligations is necessary and appropriate in this matter.

Section 7402(a) of the Internal Revenue Code provides that "the district courts of the United States…shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction…as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). District courts have "broad discretion in procedural matters relating to the enforcement of tax laws" under this section. *United States v. J.A. Subway, Inc.*, 1:16-cv-810, 2016 WL 6988800, at *3 (D. Md. Sept. 23, 2016) (*citing United States v. Asay*, 614 F.2d 655, 661-62 (9th Cir. 1980)). An injunction is "necessary or appropriate" under this section where "the defendant is reasonably likely to violate the federal tax laws again[.]" *United States v. Ulysses S. Martin, Jr., DDS, PC*, GJH-19-1641, 2019 WL 6618662, at *3 (D. Md. Dec. 5, 2019) (*quoting United States v. R & K Tile, Inc.*, No. CCB-14-2025, 2015 WL 1736802, at *2 (D. Md. Apr. 14, 2015)). The Fourth Circuit has not determined whether the usual equitable factors for an injunction must be weighed in cases brought under Section 7402(a), and different circuits have taken differing approaches.⁴ *Id.*

Here, an injunction is necessary and appropriate under section 7402(a), even considering

---

³ Interest shall accrue at the rate set forth in 26 U.S.C. §§ 6621(b)(2) and 6622 from November 30, 2020 until Defendant pays the judgment in full.
⁴ Normally, a plaintiff must show the following four factors to obtain a permanent injunction: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

the traditional equitable factors, to prevent Defendant from repeating its pattern of noncompliance.

*First*, the United States has shown irreparable injury. Federal law requires Defendant to withhold employees' federal income and FICA taxes and pay these withholdings to the United States. *See* 26 U.S.C. §§ 3102, 3111, 3301, 3402. (Mem. Supp. at 7.) Additionally, Defendant was responsible for paying its own FICA and FUTA taxes. *Id.* As an employer, Defendant should have made periodic deposits of the taxes it withheld into a federal depository bank pursuant to certain Treasury Regulations. *See* 26 U.S.C. §§ 6302, 6157; 26 C.F.R. 31.6302-1. Defendant was also required to file an Employer's Quarterly Federal Tax Return (Forms 941) and annual Employer's FUTA Returns (Forms 940) with the IRS. *See* 26 U.S.C. § 63011; 26 C.F.R. 31.6071(a)-1. Defendant failed to fulfill these obligations for various tax periods between December 31, 2013 and March 31, 2020 and continues to violate federal tax laws. (Mem. Supp. at 7-10, Exs. A, B.) In doing so, Defendant has deprived the Untied States of $623,281.26. *See J.A. Subway, Inc.*, 1:16-cv-810, 2016 WL 6988800, at *3 (finding irreparable injury where defendant owed only $250,000.00).

The IRS has expended further resources in attempting to force Defendant to fulfill its obligations without this Court's intervention. (Mem. Supp. at 10, 12.) For instance, the IRS has "recorded notices of federal tax liens with respect to delinquent federal employment tax liabilities, served levies on known banks used by Twin-Soft Corporation, sent Twin-Soft Corporation notice and demand for payment of the federal tax liabilities, and issued Internal Revenues Service Letter 903 indicating its failure to deposit federal employment taxes and notifying them of the Government's right to seek a civil injunction compelling them to fully pay their federal employment tax liabilities." (Mem. Supp. at 10, Exs. A, B.) The United States has

11

therefore suffered irreparable injury because it has expended unnecessary resources in its fruitless attempts to get Defendant to fulfill its lawful responsibilities.

*Second*, given the IRS' extensive attempts to bring Defendant into compliance with federal tax laws and regulations, it is clear that monetary damages are inadequate here.

*Third*, the balance of hardships weighs in favor of the United States because Defendant continued to neglect it obligations and has not even attempted to defend itself in this action.

*Finally*, an injunction would serve the public interest. Defendant has an obligation as an employer to collect employment and unemployment taxes and to pay them to the United States. To allow Defendant to repeatedly evade its tax obligations would undermine the entire federal tax system and equitable administration of tax laws. *See Bull v. United States*, 295 U.S. 247, 259 (1935) ("[T]axes are the life-blood of government, and their prompt and certain availability an imperious need.").

Accordingly, an injunction is necessary and appropriate in this matter to prevent Defendant from continuing to violate internal revenue laws.

## IV.  REQUESTED RELIEF

At this juncture, Plaintiff requests that the Court (1) enter default judgment against Defendant on Count I (federal employment and unemployment taxes) in the amount of $623,281.26 as of November 30, 2020, for federal employment taxes for various tax periods from December 13, 2013 through March 31, 2020, plus statutory interest and other additions to tax accruing; and (2) enter an injunction ordering Twin-Soft to:

    a. Withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

    b. Timely deposit the withheld income, FICA, and Medicare taxes in an appropriate

    federal depository bank in accordance with federal deposit regulations;

c. Timely deposit Federal Unemployment Tax Act (FUTA) taxes in an appropriate federal depository bank in accordance with federal depository regulations;

d. Sign and deliver affidavits to IRS officer, Tiffany Lesure, at 7980 Quantum Drive, Vienna, Virginia 22182, or such other location as the IRS may designate, no later than the twentieth (20) day of each month, stating that the requisite deposits of withheld federal income tax, FICA taxes, employer FICA taxes, and FUTA taxes have been made in a timely manner;

e. Timely file Form 941 (Employment Tax Returns) and Form 940 (Unemployment Tax Returns) that come due after the date of the injunction, and provide a copy of each filed return to Ms. Lesure;

f. Timely pay all outstanding liabilities due on each tax return related to the instant injunction order; and

g. Be prohibited from assigning any property or making any payments after an injunction is entered in this civil action until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS.[5]

The undersigned will address each form of relief in turn.

    A.    **Entering Default Judgment on Count I**

The undersigned found above that Plaintiff pled a claim upon which relief can be granted under federal law. As a result, the undersigned recommends entering default judgment in favor

---

[5] The United States' motion clarifies that its requested injunction "does not apply to the employer's share of social security taxes during the pendency of the deferral period (March 27, 2020, through December 31, 2020) described in Section 2302 of the Coronavirus Aid, Relief, and Economic Security Act, 116 P.L. 136, 2020 Enacted H.R. 748 (the 'CARES Act')." (Mem. Supp. at 15.)

of the United States and against Twin-Soft Corporation on Count I (federal employment and unemployment taxes) of the Complaint.

### B.   Count II (injunction under Internal Revenue Code § 7402(a))

As explained above, the United States has shown that an injunction is necessary and appropriate under Internal Revenue Code section 7402(a). *See* 26 U.S.C. § 7402(a). Additionally, the United States has met its burden in pleading the four traditional equitable factors necessary to obtain a permanent injunction.

### V. RECOMMENDATION

For the reasons articulated above, the undersigned recommends that the Court enter an order granting the United States' Motion for Default Judgment Against Defendant Twin-Soft Corporation (Dkt. 11), thereby entering default judgment in favor of the United States and against Defendant. Further, the undersigned recommends that the Court award Plaintiff (1) $623,281.26 as of November 30, 2020, for federal employment taxes for various tax periods from December 13, 2013 through March 31, 2020, plus statutory interest and other additions to tax accruing;[6] and enter an injunction ordering Twin-Soft to:

   a. Withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

   b. Timely deposit the withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

   c. Timely deposit Federal Unemployment Tax Act (FUTA) taxes in an appropriate federal depository bank in accordance with federal depository regulations;

---

[6] As noted above, the undersigned recommends that interest accrue at the rate set forth in 26 U.S.C. §§ 6621(b)(2) and 6622 from November 30, 2020 until Defendant pays the judgment in full.

    d. Sign and deliver affidavits to IRS officer, Tiffany Lesure, at 7980 Quantum Drive, Vienna, Virginia 22182, or such other location as the IRS may designate, no later than the twentieth (20) day of each month, stating that the requisite deposits of withheld federal income tax, FICA taxes, employer FICA taxes, and FUTA taxes have been made in a timely manner;

    e. Timely file Form 941 (Employment Tax Returns) and Form 940 (Unemployment Tax Returns) that come due after the date of the injunction, and provide a copy of each filed return to Ms. Lesure;

    f. Timely pay all outstanding liabilities due on each tax return related to the instant injunction order; and

    g. Be prohibited from assigning any property or making any payments after an injunction is entered in this civil action until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS.

## VI. N<small>OTICE</small>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                                /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

July 12, 2021
Alexandria, Virginia